D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

HECTOR GONZALEZ,

                Plaintiff,

   -v-

ROBERT MUSSO,

                Defendant.

**MEMORANDUM AND ORDER**
08-CV-3026 (NGG)

------------------------------------------------------------x
GARAUFIS, United States District Judge:

Plaintiff, appearing *pro se*, brings this action against the bankruptcy trustee that was assigned to his wife's case. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and dismisses the Complaint for the reasons stated below.

## BACKGROUND

Plaintiff's Complaint alleges that the "Bankruptcy trustee withheld $7500.00 from my wife, Rachel Gonzalez aka Lugo." Complaint at 1, ¶ III. Plaintiff seeks the return of $7500.00.

## STANDARD OF REVIEW

In reviewing Plaintiff's Complaint, the Court is mindful that because Plaintiff is proceeding *pro se*, his submissions should be held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (citations omitted); McEachin v. McGuinnis, 357 F.3d 197 (2d Cir. 2004). However, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous as a matter of law when, *inter alia*, it "lacks an arguable basis in law, or a

1

dispositive defense clearly exists on the face of the Complaint." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998).

## DISCUSSION

Plaintiff's Complaint references a bankruptcy petition that is pending in the United States Bankruptcy Court for the Eastern District. A review of that docket indicates that Plaintiff's alleged wife, Rachel Lugo, is a debtor in proceedings brought under Chapter 7 of the Bankruptcy Code. Plaintiff is not a party to the bankruptcy action. See 1-02-21521-dem (Bankr. E.D.N.Y.). Accordingly, Plaintiff does not have standing to bring this action.

Federal jurisdiction is limited by Article III, § 2, of the U.S. Constitution to actual cases and controversies. Therefore, the Plaintiff must have standing to sue in order for a federal court to have the power to hear and decide the case. The standing limitation in bankruptcy appeals is more exacting than the constitutional doctrine of standing. Kane v. Johns-Manville Corp., 843 F.2d 636, 642 n.2 (2d Cir. 1988). To appeal a bankruptcy order, an individual or entity must be a "person aggrieved," which means a person "directly and adversely affected pecuniarily" by the challenged order of the bankruptcy court. International Trade Admin. v. Rensselaer Polytechnic Institute, 936 F.2d 744, 747 (2d Cir. 1991). This standard reflects "the understandable concern that if appellate standing is not limited, bankruptcy litigation will become mired in endless appeals brought by the myriad parties who are indirectly affected by every bankruptcy court order." Kane, 843 F.2d at 642. Here, other than alleging that he is the husband of the debtor, Plaintiff fails to allege any facts to show that he was directly and adversely affected pecuniarily by the actions of the bankruptcy court. See Fondiller v. Robertson, (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (holding that debtor's wife did not have standing to appeal the order).

Moreover, even if Plaintiff had standing to bring this action, the court lacks jurisdiction.

2

Although, Plaintiff's wife's bankruptcy debt was discharged, the bankruptcy action is still pending. District courts have jurisdiction to hear appeals only from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a). Here, there is no final judgment in the bankruptcy action, and it does not appear that Plaintiff is appealing any specific order of the bankruptcy court.

Finally, the Court notes that "a trustee will enjoy absolute immunity so long as he does not act in the clear absence of all jurisdiction, or at least acts under the supervision of the bankruptcy judge." Reisner v. Stoller, 51 F. Supp. 2d 430, 446 (S.D.N.Y. 1999) (citing Howard v. Leonard, 101 B.R. 421, 423 (D.N.J. 1989)).

## CONCLUSION

Accordingly, Plaintiff's Complaint is dismissed for lack of subject-matter jurisdiction. See 28 U.S.C. § 1915 (e)(2)(B); Fed.R.Civ.P. 12(h)(3). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 4, 2008
Brooklyn, New York

NICHOLAS G. GARAUFIS
United States District Judge

3